**SQUIRE PATTON BOGGS (US) LLP**
Matthew R. Rogers (SBN 128215)
matthew.rogers@squirepb.com
Emma E. Jacobson (SBN 245851)
emma.jacobson@squirepb.com
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone: +1 213 689 5155
Facsimile: +1 213 623 4581

Attorneys for Defendants
Mercedes-Benz USA, LLC
and Daimler AG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Wu Xun and Ma Qiandi, individuals,<br><br>Plaintiff,<br><br>v.<br><br>Daimler AG and Mercedes Benz, USA and Fletcher Jones Motor Cars, Inc.,<br><br>Defendants. | Case No. 8:19-cv-02405-JLS-KES<br><br>**DAIMLER AG'S ANSWER TO COMPLAINT** |

Defendant Daimler AG ("defendant"), for itself alone, responds to plaintiffs' Complaint for Damages ("complaint') as follows:

## INTRODUCTION

1. Defendant admits Wu Xun and Ma Qiandi ("plaintiffs") have filed a complaint against defendant. Defendant specifically denies the subject vehicle was defective or that this defendant is in any way liable for plaintiffs' alleged injuries or losses. Defendant is without sufficient information to admit or deny the remaining allegations of Paragraph 1 and therefore denies them.

2. Defendant admits the statements contained in Paragraph 2.

3. Defendant denies the allegations of Paragraph 3.

4. Defendant denies the allegations of Paragraph 4.

- 1 -

DAIMLER AG'S ANSWER TO COMPLAINT

5. Defendant denies the allegations of Paragraph 5.

**PARTIES**

6. Defendant is without sufficient information to admit or deny the allegations of Paragraph 6 and therefore denies them.

7. Defendant admits Mercedes-Benz USA, LLC ("MBUSA") is a Delaware limited liability company with its principle place of business located in Sandy Springs, Georgia. MBUSA is an indirect subsidiary of Daimler AG. Defendant denies the remaining allegations of Paragraph 7.

8. Defendant admits MBUSA distributes, markets, warrants and provides service information for passenger vehicles designed and manufactured by Daimler AG. Defendant also admits MBUSA distributed the subject vehicle, which was designed and manufactured, in part, by Daimler AG.

9. Daimler AG admits it is a German *Aktiengesellschaft* located in Stuttgart, Germany, and it designs and manufacturers vehicles. Defendant admits it designed and manufactured, in part, the subject vehicle.

10. Defendant admits it designed the subject vehicle. Defendant admits MBUSA is an indirect subsidiary of Daimler AG. Defendant admits MBUSA markets Mercedes-Benz passenger vehicles in the United States. Defendant also admits it provides MBUSA with technical material necessary for authorized dealers to service and repair Mercedes-Benz passenger vehicles. Beyond that, defendant denies the remaining allegations of Paragraph 10.

11. Defendant admits the statements contained in Paragraph 11.

///

## JURISDICTION

12. Defendant admits plaintiffs' complaint contains a Magnuson-Moss Warranty Act (15 U.S.C. §2301, et seq.) claim.

13. Defendant denies the allegations of Paragraph 13 and specifically denies diversity jurisdiction exists. Plaintiffs, permanent residents of Orange County, are deemed citizens of the State in which they are domiciled. See, e.g., Saadeh v. Farouki, 107 F.3d 52, 60 (D.C. Cir 1997). As Fletcher Jones Motor Cars, Inc. ("FJMC") is a California corporation with its principle place of business in Orange County, there lacks complete diversity of citizenship.

14. As concerns in Paragraph 14, this defendant admits MBUSA does not contest personal jurisdiction.

15. This defendant acknowledges the Court has exercised jurisdiction over it. Defendant denies the remaining allegations of Paragraph 15.

16. This defendant denies the allegations of Paragraph 16.

17. This defendant admits the allegations of Paragraph 17.

## VENUE

18. This defendant admits MBUSA does not contest venue. However, Daimler AG denies the allegations attributed to it in Paragraph 18.

19. As pertains to Paragraph 19, this defendant admits FJMC does not contest venue.

20. As pertains to Paragraph 20, this defendant admits FJMC sold the subject vehicle to plaintiffs in this district.

## FACTUAL ALLEGATIONS

21. Defendant admits MBUSA distributed and warranted the subject vehicle, which FJMC sold to plaintiffs. Defendant admits MBUSA advertises and markets Mercedes-Benz passenger vehicles. Defendant admits Daimler AG designed and manufactured, in part, the subject vehicle. Defendant admits the subject vehicle was under warranty as of the date of plaintiff's accident. Beyond

that, defendant is without sufficient information to admit or deny the allegations of Paragraph 21 and therefore denies them.

22. This defendant denies the allegations of Paragraph 22. This defendant specially denies the subject vehicle was defective or that this defendant is in any way responsible for Wu Xun's alleged injuries.

23. Defendant admits, at Paragraph 23, plaintiffs have quoted select passages from 2017 GLE Operator's Manual, inappropriately described as an advertisement. However, by material omission, plaintiff has deceptively taken the final quote entirely out of context. The complete passage reads:

> *"[!] Vehicles with 4MATIC: only operate the vehicle for a maximum of ten seconds on a brake test dynamometer. Switch off the ignition. Application of the brakes by ESP® may otherwise destroy the brake system."*

24. Defendant denies the allegations of Paragraph 24.

25. This defendant denies the allegations of Paragraph 25. This defendant specially denies the subject vehicle was defective or that this defendant is in any way responsible for Wu Xun's alleged injuries.

26. This defendant denies the allegations of Paragraph 26. This defendant specially denies the subject vehicle was defective or that this defendant is in any way responsible for Wu Xun's alleged injuries.

27. This defendant denies the allegations of Paragraph 27. This defendant specially denies the subject vehicle was defective or that this defendant is in any way responsible for Wu Xun's alleged injuries.

28. This defendant denies the allegations of Paragraph 28. This defendant specially denies the subject vehicle was defective or that this defendant is in any way responsible for Wu Xun's alleged injuries. Defendant notes NHTSA's customer complaint data base is accessible to the public at large.

29. This defendant denies the allegations of Paragraph 29. This defendant specially denies the subject vehicle was defective or that this defendant is in any way responsible for Wu Xun's alleged injuries.

30. As pertains to Paragraph 30, Daimler AG admits MBUSA markets and advertises Mercedes-Benz passenger vehicles in the United States, but otherwise denies the allegations in this paragraph.

31. This defendant denies the allegations of Paragraph 31. This defendant specially denies the subject vehicle was defective or that this defendant is in any way responsible for Wu Xun's alleged injuries.

32. This defendant denies the allegations of Paragraph 32. This defendant specially denies the subject vehicle was defective or that this defendant is in any way responsible for Wu Xun's alleged injuries.

### THE INCIDENT

33. Defendant is without sufficient information to admit or deny the allegations of Paragraph 33 and therefore denies them.

34. Defendant is without sufficient information to admit or deny the allegations of Paragraph 34 and therefore denies them.

35. As pertains to Paragraph 35, this defendant denies the subject vehicle was defective or that this defendant is in any way responsible for Wu Xun's alleged injuries.

36. Defendant admits ESP and ABS are beneficial automotive safety systems. Beyond that, and without conducting extensive independent research and fact checking, defendant presently lacks specific information to respond to the remaining allegations in Paragraph 36, and therefore denies them.

37. Daimler AG admits the subject vehicle contains numerous safety systems, including ESP and ABS. This defendant specifically denies the remaining allegations of Paragraph 37. Furthermore, this defendant specifically

denies the subject vehicle was defective or that this defendant is in any way responsible for Wu Xun's alleged injuries.

38. This defendant denies the allegations of Paragraph 38. This defendant specifically denies the subject vehicle was defective or that this defendant is in any way responsible for Wu Xun's alleged injuries.

39. This defendant denies the allegations of Paragraph 39. This defendant specifically denies the subject vehicle was defective or that this defendant is in any way responsible for Wu Xun's alleged injuries.

40. This defendant denies the allegations of Paragraph 40. This defendant specifically denies the subject vehicle was defective or that this defendant is in any way responsible for Wu Xun's alleged injuries.

41. This defendant denies denies the allegations of Paragraph 41. This defendant specifically denies the subject vehicle was defective or that this defendant is in any way responsible for Wu Xun's alleged injuries.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF
(Negligence, Gross Negligence, Willful and Wanton Conduct: Design Defect as to Defendants, [sic] Daimler AG and Mercedes Benz USA)

42. Defendant incorporates each prior paragraph, where relevant, as set forth herein.

43. As pertains to Paragraph 43, Daimler AG admits it designed the subject vehicle and equipped it with ESP and ABS systems. Defendant admits MBUSA marketed and distributed the subject vehicle.

44. As pertains to Paragraph 44, Daimler AG admits it designed the subject vehicle and equipped it with ESP and ABS systems. Defendant admits MBUSA marketed and distributed the subject vehicle. Beyond that, this paragraph impermissibly seeks a legal conclusion to be determined by the court, and thus need not be either denied or admitted.

45. This defendant denies the allegations of Paragraph 45. This defendant specifically denies the subject vehicle was defective or that this defendant is in any way responsible for Wu Xun's alleged injuries.

46. This defendant denies the allegations of Paragraph 46. This defendant specifically denies the subject vehicle was defective or that this defendant is in any way responsible for Wu Xun's alleged injuries.

47. This defendant denies the allegations of Paragraph 47. This defendant specifically denies the subject vehicle was defective or that this defendant is in any way responsible for Wu Xun's alleged injuries.

48. This defendant denies the allegations of Paragraph 48. This defendant specifically denies the subject vehicle was defective or that this defendant is in any way responsible for Wu Xun's alleged injuries.

## SECOND CLAIM FOR RELIEF
(Negligence, Gross Negligence, Willful and Wanton Conduct: Manufacturing Defect As to Defendants, [sic] Daimler AG and MBUSA)

49. Defendant incorporates each prior paragraph, where relevant, as set forth herein.

50. As pertains to Paragraph 50, defendant admits it designed the subject vehicle and equipped it with ESP and ABS systems. Defendant admits MBUSA marketed and distributed the subject vehicle.

51. As pertains to Paragraph 51, Daimler AG admits it designed the subject vehicle and equipped it with ESP and ABS systems. Defendant admits MBUSA marketed and distributed the subject vehicle. Beyond that, this paragraph impermissibly seeks a legal conclusion to be determined by the court, and thus need not be either denied or admitted.

52. This defendant denies the allegations of Paragraph 52. This defendant specifically denies the subject vehicle was defective or that this defendant is in any way responsible for Wu Xun's alleged injuries.

- 7 -

53. This defendant denies the allegations of Paragraph 53. This defendant specifically denies the subject vehicle was defective or that this defendant is in any way responsible for Wu Xun's alleged injuries.

54. This defendant denies the allegations of Paragraph 54. This defendant specifically denies the subject vehicle was defective or that this defendant is in any way responsible for Wu Xun's alleged injuries.

55. This defendant denies the allegations of Paragraph 55. This defendant specifically denies the subject vehicle was defective or that this defendant is in any way responsible for Wu Xun's alleged injuries.

## THIRD CLAIM FOR RELIEF

(Strict Liability in Tort As to All Defendants)

56. Defendant incorporates each prior paragraph, where relevant, as set forth herein.

57. This defendant denies the allegations of Paragraph 57. This defendant specifically denies the subject vehicle was defective or that this defendant is in any way responsible for plaintiffs' alleged injuries.

58. This defendant denies the allegations of Paragraph 58. This defendant specifically denies the subject vehicle was defective or that this defendant is in any way responsible for plaintiffs' alleged injuries.

59. As pertains to Paragraph 59, while defendant admits it manufactured in part the subject vehicle, this defendant specifically denies the subject vehicle was defective or that this defendant is in any way responsible for plaintiffs' alleged injuries.

60. Defendant is without sufficient information to admit or deny the allegations of Paragraph 60 and therefore denies them.

61. This defendant denies the allegations of Paragraph 61. This defendant specifically denies the subject vehicle was defective or that this defendant is in any way responsible for plaintiffs' alleged injuries.

62. This defendant denies the allegations of Paragraph 62. This defendant specifically denies the subject vehicle was defective or that this defendant is in any way responsible for plaintiffs' alleged injuries.

63. This defendant denies the allegations of Paragraph 63. This defendant specifically denies the subject vehicle was defective or that this defendant is in any way responsible for plaintiffs' alleged injuries.

64. This defendant denies the allegations of Paragraph 64. This defendant specifically denies the subject vehicle was defective or that this defendant is in any way responsible for plaintiffs' alleged injuries.

65. This defendant denies the allegations of Paragraph 65. This defendant specifically denies the subject vehicle was defective or that this defendant is in any way responsible for plaintiffs' alleged injuries.

66. This defendant denies the allegations of Paragraph 66. This defendant specifically denies the subject vehicle was defective or that this defendant is in any way responsible for plaintiffs' alleged injuries.

67. This defendant denies the allegations of Paragraph 67. This defendant specifically denies the subject vehicle was defective or that this defendant is in any way responsible for plaintiffs' alleged injuries.

## **FORTH CLAIM FOR RELIEF**

(Failure to Warn As to All Defendants)

68. Defendant incorporates each prior paragraph, where relevant, as set forth herein.

69. As pertains to Paragraph 69, while defendant admits it manufactured in part the subject vehicle, this defendant specifically denies the subject vehicle was defective or that this defendant is in any way responsible for plaintiffs' alleged injuries.

010-9049-6301/2/AMERICAS

70. This defendant denies the allegations of Paragraph 70. This defendant specifically denies the subject vehicle was defective or that this defendant is in any way responsible for plaintiffs' alleged injuries.

71. This defendant denies the allegations of Paragraph 71. This defendant specifically denies the subject vehicle was defective or that this defendant is in any way responsible for plaintiffs' alleged injuries.

72. This defendant denies the allegations of Paragraph 72. This defendant specifically denies the subject vehicle was defective or that this defendant is in any way responsible for plaintiffs' alleged injuries.

73. This defendant denies the allegations of Paragraph 73. This defendant specifically denies the subject vehicle was defective or that this defendant is in any way responsible for plaintiffs' alleged injuries.

74. This defendant denies the allegations of Paragraph 74. This defendant specifically denies the subject vehicle was defective or that this defendant is in any way responsible for plaintiffs' alleged injuries.

75. This defendant denies the allegations of Paragraph 75. This defendant specifically denies the subject vehicle was defective or that this defendant is in any way responsible for plaintiffs' alleged injuries.

## FIFTH CLAIM FOR RELIEF

### (Breach of Express Warranty – Magnuson-Moss Warranty Act)

76. Defendant incorporates each prior paragraph, where relevant, as set forth herein.

77. Defendant admits the subject vehicle is a "consumer product" and plaintiffs are "consumers" as defined by 15 U.S.C. §§2301 (1) and (3). Defendant also admits MBUSA is a "supplier" and "warrantor" as defined by 15 U.S.C. §§ 2301 (4) and (5).

78. Defendant admits plaintiffs were provided with a "written warranty" by MBUSA as defined by 15 U.S.C. § 2301(6), but otherwise denies the allegations in this paragraph.

79. As pertains to this defendant, the allegations of Paragraph 79 are expressly denied.

80. As pertains to this defendant, the allegations of Paragraph 80 are expressly denied.

81. Defendant admits Paragraph 81 re-cites incomplete portions of 15 U.S.C. § 2304 (d)(1). However, defendant denies such provisions apply.

82. As pertains to this defendant, the allegations contained in Paragraph 81 are denied. Defendant specifically denies 15 U.S.C. § 2304(d)(1) applies, let alone it was violated.

83. This defendant denies the allegations of Paragraph 83. This defendant specifically denies the subject vehicle was defective or that this defendant is in any way responsible for plaintiffs' alleged injuries.

84. This defendant denies the allegations of Paragraph 84. This defendant specifically denies the subject vehicle was defective or that this defendant is in any way responsible for plaintiffs' alleged injuries.

85. This defendant denies the allegations of Paragraph 85. This defendant specifically denies the subject vehicle was defective or that this defendant is in any way responsible for plaintiffs' alleged injuries.

### FIRST AFFIRMATIVE DEFENSE

1. Each of plaintiffs' purported causes of action fail to state facts sufficient to constitute any cause of action against this answering defendant.

### SECOND AFFIRMATIVE DEFENSE

2. Defendant alleges if plaintiffs sustained any loss, injury or damage, either as alleged in the complaint or at all, the same was directly and proximately caused and contributed to by plaintiffs' own negligence in that they failed to take proper and reasonable measures for their well-being, and failed to conduct themselves in a manner ordinarily expected of reasonably prudent persons, in the conduct of their affairs and person, in the use of the subject vehicle. Therefore,

plaintiffs' recovery, if any, should be diminished to the extent that the damages are attributable to plaintiffs' negligence.

### THIRD AFFIRMATIVE DEFENSE

3. Defendant alleges that if plaintiffs have sustained any loss, injury or damage, either as alleged in the complaint or at all, the same was directly and proximately caused and contributed to by the negligence or fault, active and passive, of other persons or entities, and that said negligence was an intervening and superseding cause of plaintiffs' loss, if any.

### FOURTH AFFIRMATIVE DEFENSE

4. If plaintiff has sustained any loss, injury or damage and it was proximately caused by a failure to provide a warning, such failure or omission was on the part of persons and entities other than this answering defendant, and said failure or omission was entirely unknown to this answering defendant, thus barring plaintiffs' recovery against this answering defendant.

### FIFTH AFFIRMATIVE DEFENSE

5. Defendant alleges that at all times alleged in the complaint the subject vehicle and its component parts were not being used in a normal, foreseeable, and intended manner, and that such misuse proximately caused and contributed to the damages sustained by plaintiff, if any.

### SIXTH AFFIRMATIVE DEFENSE

6. This answering defendant alleges that at the time and place of the incident alleged in plaintiffs' complaint, plaintiffs' knew of the danger and risk incident to their undertaking, but despite such knowledge they freely and voluntarily assumed and exposed themselves to all risk of harm and the consequential injuries and damages, if any, therefrom. Therefore, plaintiffs' recovery, if any, should be diminished accordingly.

## SEVENTH AFFIRMATIVE DEFENSE

7. Defendant alleges that because of plaintiffs' negligent or improper conduct, acts and omissions, plaintiffs are estopped from claiming the damages alleged in the complaint.

## EIGHTH AFFIRMATIVE DEFENSE

8. This answering defendant alleges that because of plaintiffs' negligent or improper conduct, acts and omissions, plaintiffs are barred by the doctrine of waiver.

## NINETH AFFIRMATIVE DEFENSE

9. This answering defendant alleges that because of plaintiffs' negligence or improper conduct, acts and omissions, plaintiffs are barred by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

10. This answering defendant alleges plaintiff failed, refused and neglected to take reasonable steps to mitigate their alleged damages, if any, thus barring or diminishing plaintiffs' recovery herein, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiffs failed to comply with the requirements of the applicable statutory provisions for asserting the causes of action alleged in the complaint, specifically including those set forth under the provisions the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq.. Accordingly, plaintiffs are barred from asserting such claims in this action.

## TWELFTH AFFIRMATIVE DEFENSE

12. Defendant alleges the Fair Responsibility Act of 1986, codified at California Civil Code sections 1431-1431.5, limits damages recoverable by plaintiffs to that portion of plaintiffs' non-economic damages which are attributable to this answering defendant's percentage of fault or liability, if any.

010-9049-6301/2/AMERICAS

## THIRTEENTH AFFIRMATIVE DEFENSE

13. The complaint fails to allege a claim for which punitive damages can be recovered.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiffs' claim for punitive damages against defendant cannot be sustained, because any award of punitive damages under California law without proof of every element beyond a reasonable doubt would violate defendant's due process rights under the Fourteenth Amendment of the United States Constitution and under the due process provisions of the California Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. Plaintiffs' claim for punitive damages against defendant cannot be sustained, because any award of punitive damages under California law without bifurcating the trial of all punitive damages issues would violate defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the California Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiffs' claim for punitive damages against defendant cannot be sustained, because an award of punitive damages under California law is subject to no pre-determined limit (such as maximum multiple of compensatory damages or a maximum amount) as to the amount of punitive damages that a jury may impose and would thus violate defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the California Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. Plaintiffs' claim for punitive damages against defendant cannot be sustained, because an award of punitive damages under California law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award, (2) is not

instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clauses of the Fifth Amendment as incorporated into the Fourteenth Amendment and by similar provisions of the California state constitution.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiffs' claim for punitive damages cannot be sustained, because an award of punitive damages under California law without the same protections that are accorded to all criminal defendants, including protection against unreasonable searches and seizures, double jeopardy and self-incrimination as well as the rights to confront adverse witnesses, and a speedy trial would violate defendant's rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth and Sixth Amendments as incorporated into the Fourteenth Amendment and similar provisions of the California Constitution.

## NINETEENTH AFFIRMATIVE DEFENSE

19. Any award of punitive damages based on anything other than defendant's conduct in connection with the sale of the specific single vehicle that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause for the Fifth Amendment as incorporated into the Fourteenth Amendment and the California constitutional provisions providing for due process and guarantee against

double jeopardy, because any judgment for punitive damages in this case cannot protect defendant against impermissible multiple punishment for the same alleged wrong.

WHEREFORE, this defendant prays judgment as follows:

    1      That plaintiffs take nothing by way of their complaint;

    2.     That defendant be awarded the cost of defending this suit herein; and

    3.     For such other and further relief as this court may deem just and proper.

Dated: September 11, 2020

By   */s/ Matthew R. Rogers*
Matthew R. Rogers
Attorneys for Defendants
Mercedes-Benz USA, LLC
and Daimler AG